# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 11-31076
Summary Calendar

Lyle W. Cayce
Clerk

S.P. DAVIS, SR.

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
5:06-CV-158

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff originally filed an action to challenge assessments against him for failing to remit to the government taxes withheld from employees' wages, and the government counterclaimed. The district court granted summary judgment for the government, and our court affirmed. Plaintiff now appeals the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-31076

court's order requiring him to make monthly installment payments in satisfaction of that judgment. For the following reasons, we AFFIRM.

## I. Facts and Procedural History

Plaintiff S.P. Davis, Sr. (Davis), along with three other individuals, was an equal owner and director of Winward Institute (d/b/a Winward Hospital), Winward Health Care Center, and Mynex, which together were in the business of providing medical services to Louisiana patients. In 1997, the owners became aware that the companies were delinquent in the payment of federal payroll taxes, and they directed Mynex's vice president of finance, Samuel Stevens, III (Stevens), to negotiate a payment agreement with the Internal Revenue Service (IRS). The tax deficiencies, however, were not corrected.

In 2002, pursuant to 26 U.S.C. § 6672(a), the IRS issued assessments against the owners and Stevens for the companies' unpaid payroll taxes. Stevens was assessed $2,210,937.53, while each owner was assessed $2,233,514.43. Davis paid a divisible portion of the assessment against him and filed for a refund with the IRS. When his claim was denied, Davis filed suit in district court to recover the amount paid. The government counterclaimed and added the other owners and Stevens as counter-defendants. The district court granted summary judgment for the government, ruling that the owners and Stevens were "responsible persons" who had willfully failed to remit the taxes and were thus jointly and severally liable for the unpaid amount. A panel of our court affirmed. *Davis v. United States*, 402 F. App'x 915 (5th Cir. 2010).

The government subsequently moved in the district court for installment-payment orders against the counter-defendants pursuant to 28 U.S.C. § 3204. Only Davis opposed that motion, and he twice moved for oral argument to present evidence of his inability to pay the amounts sought. The court denied Davis's requests and, after briefing, granted the government's motion, ordering Davis to pay $3,327 per month until the judgment was satisfied.

2

No. 11-31076

Davis timely appealed. He first challenges the amount of the payments. He maintains the district court erred by relying on his income from past years, by considering income from sources other than self-employment, and by not subtracting all deductions required by law. He also contends he was entitled to oral argument prior to the court's determination.

## II.  Standard of Review

Because the Federal Debt Collection Procedures Act (FDCPA) accords district courts broad discretion in issuing installment-payment orders, we review for abuse of that discretion. *See FTC v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 321 (5th Cir. 2004) (reviewing for abuse of discretion under discretionary provision of FDCPA).

## III.  Discussion

The FDCPA, 28 U.S.C. § 3001 *et seq.*, establishes procedures whereby the government may recover on a judgment. Post-judgment remedies include garnishment of a debtor's wages. *Id.* § 3205. If, however, a judgment debtor "is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment," a district court may "order that the judgment debtor make specified installment payments to the United States." *Id.* § 3204(a). "Earnings" are "compensation paid or payable for personal services." *Id.* § 3002(6). "Disposable earnings" are "that part of earnings remaining after all deductions required by law have been withheld." *Id.* § 3002(5). Finally, "nonexempt disposable earnings" means "25 percent of disposable earnings." *Id.* § 3002(9).

Davis's arguments rest entirely on the statutory language at issue. Section 3204, which governs installment-payment orders, provides:

> **(a) Authority to issue order.**– . . . [I]f it is shown that the judgment debtor–

3

No. 11-31076

> **(1)** is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; . . .
>
> then upon motion of the United States and notice to the judgment debtor, the court may, if appropriate, order that the judgment debtor make specified installment payments to the United States. . . . In fixing the amount of the payments, the court shall take into consideration after a hearing, the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States.

Davis reads that provision to dictate that a court (1) determine the debtor's "earnings from self employment"; (2) subtract all deductions allowed by law (to reach "disposable earnings from self employment"); (3) take 25% of that sum (to reach "nonexempt disposable earnings from self employment"); and (4) divide by 12 (to reach a monthly payment). Davis thus contends the district court erred by considering income other than earnings from his law practice, such as rental income and oil royalties, and by not first subtracting all federal income taxes paid. He further contends the court erred by averaging his taxable income from 2008 to 2010, rather than determining his current income (during 2011).

Those claims of error are likely forfeited, as Davis did not object specifically on those grounds in the district court. Rather, he opposed the use of his 2009 tax return for estimating his income because his 2009 income was abnormally high. Indeed, he proposed the court account for that abnormality by averaging his adjusted gross income–not his earnings from self-employment after taxes, as he would now have it calculated–from the previous six years.

In any event, Davis's arguments are premised on an incorrect reading of the statute. The requirement that a judgment debtor have "substantial nonexempt disposable earnings" merely preconditions the district court's

No. 11-31076

authority to issue an installment-payment order; it does not delimit that authority.  In this case, Davis clearly had "substantial nonexempt disposable earnings" from his law practice that were not subject to garnishment. Accordingly, the district court was within its authority to order Davis to make installment payments to the government.

Nor did the district court abuse its discretion in issuing that order. Consistent with the statute, the court considered Davis's decreasing income, his wife's poor health, an outstanding personal loan, and the amount owed to the government.  It settled on the approach of taking 25% of Davis's average taxable income from 2008 to 2010 and requiring monthly payments of one-twelfth of that sum, with the caveat that Davis could request a modification of that schedule "[i]f 2011 brings a substantive change to Davis' financial circumstances." Although, as noted above, the court was not required to use 25% of Davis's income–or earnings–as its basis, to do so was not unreasonable.

Last, we see no merit in Davis's contention that he was entitled to oral argument "[i]n satisfaction of [his] right to due process."  In its order denying Davis's first motion for oral argument, the district court explained it would set argument, if needed, after the briefing was complete.  The court then heard from both parties and considered the factors enumerated by § 3204(a) in fixing the payment amounts.  Davis thus received all the process he was due under the statute, and the district court did not abuse the discretion accorded it.

## IV.  Conclusion

For the foregoing reasons, we AFFIRM the district court's order.