# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31057

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2014

Lyle W. Cayce
Clerk

S. P. DAVIS, SR.,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-158

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

S.P. Davis, Sr. ("Davis") appeals the district court's denial of his motions to modify an installment-payment order and for a hearing. For the reasons that follow, we AFFIRM the district court's denial of Davis's motions.

## I.

Davis filed suit to recover payments made toward federal tax liabilities assessed against him for the trust fund portion of unpaid employment taxes of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31057

three entities for which he was a board director.[1]  On October 7, 2008, the district court granted the government's motion for summary judgment, finding Davis jointly and severally liable for $3,152,652.85.  After Davis unsuccessfully appealed to this court and the Supreme Court denied his petition for writ of certiorari, the government filed a motion for an installment-payment order and the imposition of a ten-percent surcharge with the district court.  On October 6, 2011, after denying two of Davis's motions for oral argument on the issue, the court granted the United States' installment motion, ordering Davis to pay $3,327 on a monthly basis.  After Davis appealed, this court affirmed the district court's installment-payment order.

On February 28, 2013, Davis filed a motion to modify the installment-payment order based on what he describes as a "significant change in his financial circumstances," due primarily to the decline of his legal practice.  He also filed a motion for a hearing and a motion to stay the installment-payment order.  The district court denied his motions to stay the payments and for a hearing on March 11, 2013, stating that "[t]he Court will review the record once briefing on the Motion to Modify is complete and determine at the time if a hearing would assist the Court."  On September 25, 2013, the court denied Davis's motion to modify, concluding that "Davis did not experience a substantial change in income which would warrant a modification of the Installment Payment Order."

Davis appeals, arguing that by failing to modify the installment-payment order, the district court rendered it impossible for him to comply.  He

---

[1] On August 16, 2002, the United States assessed Davis a total of $2,233,514.43 for various tax periods in 1996, 1997, and 1998.  For fuller versions of the underlying proceedings, see *Davis v. United States*, 479 F. App'x 601 (5th Cir. 2012) (per curiam), and *Davis v. United States*, 402 F. App'x 915 (5th Cir. 2010) (per curiam).

2

No. 13-31057

claims that the court erred by failing to consider his 2012 income, and by failing to grant his requests for a hearing, which he asserts is statutorily required.

## II.

"Because the Federal Debt Collection Procedures Act (FDCPA) accords district courts broad discretion in issuing installment-payment orders, we review for abuse of that discretion." *Davis*, 479 F. App'x at 602; *see also FTC v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 321 (5th Cir. 2004) (applying abuse of discretion standard for discretionary provision of FDCPA).

Pursuant to the FDCPA, a district court may enter an installment-payment order "if it is shown that the judgment debtor--(1) is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or (2) is diverting or concealing substantial earnings from any source, or property received in lieu of earnings." 28 U.S.C. § 3204(a). But "[a]n order may not be issued under subsection (a) with respect to any earnings of the debtor except nonexempt disposable earnings." 28 U.S.C. § 3204(c)(2).

The statute further provides that:

> In fixing the amount of the payments, the court shall take into consideration after a hearing, the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States.

28 U.S.C. § 3204(a). It also provides that "the court *may* modify" installment-payment orders "upon a showing that the judgment debtor's financial circumstances have changed or that assets not previously disclosed by the judgment debtor have been discovered." 28 U.S.C. § 3204(b) (emphasis added).

Davis's main challenge to the district court's denial of his motion to modify is based on his contention that his income decreased significantly since the original installment calculation. But the district court did not, as Davis

No. 13-31057

asserts, ignore his 2012 earnings in denying his motion. It noted that Davis's average income from 2008 to 2010 was $159,716. In comparison, his average income from 2009 to 2011 was $158,794. "Based on these calculations," the court found "that Davis did not experience a substantial change in income which would warrant a modification of the Installment Payment Order."

The district court's decision to compare Davis's three-year average incomes was consistent with the way it originally calculated his monthly payment amount, which this court affirmed in June 2012. *Davis*, 479 F. App'x at 603–04. And while the district court order did not specifically mention Davis's 2012 earnings,[2] it commented on ways he could reduce expenses so as to meet his monthly payment obligations:

> Davis continues to make spending choices which fail to indicate the necessity of a modification to this Court's Order. Davis continues to provide his adult son with approximately $1,700 each month and provided what amounts to $1,406.50 each month to charitable organizations. This $3,100 each month would go a long way in helping Davis satisfy the monthly $3,327 he owes the United States.

Based on its review of his income (both current and historical) and expenses, the court found that Davis was able to meet his payment schedule. We hold that the district court did not abuse its discretion in finding that Davis failed to show a substantial change in circumstances warranting a modification of his payment plan.

We also hold that the remainder of Davis's appeal is either meritless or foreclosed by our court's previous rulings. Davis claims that the district court erroneously considered amounts he paid in taxes as disposable income, and improperly included in its average-income figure exempt retirement earnings.

---

[2] The court previously granted Davis's motion to enter as exhibits his 2012 U.S. Individual Income Tax Return and 2012 U.S. Return of Partnership Income for his law practice.

No. 13-31057

But, as this court held in rejecting his previous appeal, Davis's "arguments are premised on an incorrect reading of the statute." *Id.* at 603. Any error in calculating his average income would not render the payment plan unlawful because "[t]he requirement that a judgment debtor have 'substantial nonexempt disposable earnings' merely preconditions the district court's authority to issue an installment-payment order; it does not delimit that authority." *Id.* Indeed, "the [district] court was not required to use 25% of Davis's income—or earnings—as its basis," *id.* at 604, and could instead have ordered any amount supported by the totality of his finances, so long as substantial nonexempt disposable earnings were available. We hold that Davis's challenges to the district court's computation of his monthly-payment amount are meritless.

Finally, Davis argues that the district court erred by denying him hearings (1) for determining the appropriate payment amounts, and (2) to show that a modification was necessary based on changed financial circumstances. He raises essentially the same arguments we rejected in his previous appeal. In that appeal, this court held: "we see no merit in Davis's contention that he was entitled to oral argument in satisfaction of his right to due process." *Id.* (internal quotation marks and alterations omitted). "Davis . . . received all the process he was due under [§ 3204(a)]" because "the district court explained it would set argument, if needed, after the briefing was complete," and then "heard from both parties and considered the factors enumerated by § 3204(a) in fixing the payment amounts." *Id.* As before, the district court allowed both parties to fully brief the motion for modification, allowed Davis to submit evidence of a change in his financial condition, and considered the § 3204(a) factors in its order denying Davis relief. Because a district court is not statutorily required to hold oral argument for a motion such as Davis's, it did not abuse its discretion by denying his motion for a hearing.

5

No. 13-31057

## III.

For the foregoing reasons, we AFFIRM the district court's orders in their entirety.